```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CV-10034-MOORE
                              MAGISTRATE JUDGE P.A. WHITE
```

KIRSHA BROWN,                           :

    Plaintiff,                         :

v.                                      :        REPORT OF
                                                                                MAGISTRATE JUDGE
SOUTH FLORIDA EVALUATION             :
AND TREATMENT CENTER, ET AL.,
                                        :
    Defendants.

---

## I. Introduction

Kirsha Brown has filed a *pro se* civil rights Complaint on June 8, 2016, and an Amended Complaint on June 24, 2016,[1] pursuant to 42 U.S.C. § 1983, while confined at the South Florida Evaluation and Treatment Center in Florida City, Florida. She has not paid the filing fee and seeks to proceed *in forma pauperis*. (DE#4).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

---

[1] The Amended Complaint (DE#5) and supplement thereto (DE#6) was filed before the initial complaint (DE#1) could be screened. The Amended Complaint and accompanying supplement has superseded the original complaint and is the sole operative pleading. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (an amended complaint supersedes an original complaint); Schreane v. Middlebrooks, 522 Fed. Appx. 845 (11th Cir. 2013) (*pro se* plaintiff's amended complaint which did not specifically refer to or adopt the initial complaint, superseded it); Local Rule 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a successful motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference....").

In the Amended Complaint (DE#5) and supplement (DE#6), the Plaintiff only names the South Florida Evaluation and Treatment Center as a defendant. When construing the amended complaint liberally, Haines v. Kerner, 404 U.S. 519 (1972), plaintiff states that she was previously diagnosed with gastroparesis, also called delayed gastric emptying, which reduces the ability of the stomach to empty its contents.[2] While she is receiving medical treatment, she states that she has been deprived of receiving referrals to the proper specialists because of her race and mental health disability. She also alleges that she has been deprived of an adequate diet that is consistent with her medical condition and also that is nutritious and well balanced. Lastly, she claims that she is being unlawfully detained and that she has been deprived of her right to attend two court hearings that were held as a result of a petition for writ of habeas corpus that she apparently filed in state court. She seeks damages.

## II. Legal Standards

Because the Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, her complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between plaintiffs proceeding *in forma pauperis* and those who have paid the filing fee. See 28 U.S.C. § 1915A; Thompson v. Hicks, 213 Fed. Appx. 939, 942 (11th Cir. 2007)(*per curiam*). The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

---

[2]Definition provided by the U.S. Department of Health and Human Services, National Institute of Diabetes and Digestive and Kidney Diseases: https://www.niddk.nih.gov/health-information/health-topics/digestive-diseases/gastroparesis/Pages/facts.aspx.

Further, a prisoner attempting to proceed IFP in a civil action in federal court must comply with the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The "three strikes" IFP provision does not violate an inmate's First Amendment right of access to the courts, the doctrine of separation of judicial and legislative powers, the Fifth Amendment's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To invoke the exception to Section 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. See generally Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (holding that complaint sufficiently alleged imminent danger of serious physical injury where prisoner asserted that he was in danger of more serious afflictions if he continued to not be treated for his HIV and hepatitis). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Thus, in order to meet this exception, "the

complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). General and vague allegations of harm and unspecific references to injury, even when liberally construed, are insufficient. See, e.g., Sutton v. Dist. Attn'y Office, 334 Fed. Appx. 278 (11th Cir. 2009) (general assertions that the Plaintiff was in imminent danger of "growing older" and "perhaps dying ... in this prison," along with stress, anxiety and depression, were insufficient to invoke the exception to Section 1915(g)).

III. Discussion

The instant complaint is subject to dismissal because the Plaintiff is a "three-striker" under the PLRA.

The Plaintiff has filed at least **three** prior Section 1983 civil rights suits which count as "strikes" under the PLRA. The United States District Court for the Middle District of Florida dismissed the following Section 1983 cases for failure to state a claim upon which relief can be granted under Section 1915(e): **10-CV-00190, 16-CV-00224,** and **16-CV-00706.** These cases are therefore "strikes" for purposes of the PLRA. See 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim upon which relief can be granted); see Rivera, 144 F.3d at 731-32 (cases

4

dismissed under Section 1915(e) qualify as "strikes" under the PLRA, as do frivolous appeals).

Consequently, the Plaintiff has filed at least three cases which qualify as strikes for purposes of Section 1915(g). She is, therefore, barred from proceeding *in forma pauperis* in this Court unless she can show that she was under imminent danger of serious physical injury at the time the instant suit was filed. See 28 U.S.C. § 1915(g).

Full and careful review of the Amended Complaint (DE#5) and the supplement thereto (DE#6) indicates that the Plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. Specifically, the plaintiff states that she suffers from gastroparesis, which, as previously noted, is a condition that reduces the ability of the stomach to empty its contents. Based on her own admission, she was transferred to Larkin Hospital and was treated by an "internal MD." She complains, however, that Larkin Hospital specializes in treating the Hispanic population and that she was not referred to a specialist because of her race and mental health disability. Nevertheless, it is clear that she is receiving medical care, just apparently not the treatment that she wants. Furthermore, she alleges that she is not receiving a proper diet in light of her medical condition, however, she fails to indicate how and when the kitchen staff has failed to adhere to her dietary order. Her claim is entirely conclusive and devoid of factual support. This falls far short of supporting a finding that she was in imminent danger of serious injury at the time of filing, and therefore, dismissal of the instant civil rights action is appropriate.

The statute provides that the filing fee must be paid **at the**

**time the suit is initiated** and precludes a plaintiff from proceeding *in forma pauperis*. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*). Therefore, the complaint should be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. Id.

## IV. Recommendations

Based upon the foregoing, it is recommended that: (1) the case be DISMISSED, pursuant to 28 U.S.C. § 1915(g); (2) the motion to proceed *in forma pauperis* (DE#4) be DENIED; (3) all pending motions not otherwise ruled upon be dismissed; and (4) this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 22nd day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Kirsha Brown
     South Florida Evaluation
     & Treatment Center
     18680 SW 376th Street
     Florida City, FL 33034
     PRO SE

6